UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCO BITETTO,

                    Plaintiff,

      v.

ADAM D'ANGELO, CHARLIE CHEEVER,
MARC BODNICK, and QUORA, INC.,

                    Defendants.

1:16-CV-1499
(GTS/CFH)

_____

**APPEARANCES:**

Marco Bitetto
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff pro se

**OF COUNSEL:**

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

# REPORT-RECOMMENDATION AND ORDER

## I. In Forma Pauperis Application

The Clerk has sent to the Court a complaint, together with an application to proceed in forma pauperis ("IFP"), filed by plaintiff pro se Marco Bitetto. Dkt. Nos. 1 ("Compl."), 2. After reviewing plaintiff's IFP Application, the Court finds that he may properly proceed with this matter in forma pauperis.[1] See Dkt. No. 2

---

[1] Despite IFP status, plaintiff may still be responsible for any costs he may incur in this action, such as copying fees or witness fees.

## II. Initial Review[2]

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action. In reviewing a pro se complaint, the court must be mindful that the plaintiff's pleadings should be held to "less stringent standards than formal pleadings drafted by lawyers." Hughes v. Rowe, 449 U.S. 5, 9 (1980) (internal quotation marks omitted); Erickson v. Pardus, 551 U.S. 89, 94 (2007).

To state a claim on which relief can be granted, a complaint must contain, inter alia, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further,

---

[2] Any unpublished decisions cited within this Report-Recommendation and Order have been provided to plaintiff pro se.

2

> [d]etermining whether a complaint states a plausible claim for relief ... requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged — but it has not 'show[n]' — that the pleader is entitled to relief.

Iqbal, 556 U.S. at 679 (internal citation omitted); FED. R. CIV. P. 8(a)(2).

Plaintiff, who is blind, alleges that the defendants discriminated against him in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq*. Using a form-complaint specific to ADA claims, plaintiff indicates, by checking off boxes, that defendants discriminated against him by "denial of participation in a public service or program" and "retaliation." Compl. at 4. Plaintiff's fact section contains one paragraph. Id. He provides that defendants "collectively" discriminated against him by blocking access to his account on the Quora, Inc. website by "consistently demand[ing] that [he] put his real name; inspite [sic] of the fact that defendants blocked his account because his Quora, Inc. profile lists that he is blind. Id. He indicates that he "detected" the discrimination on November 26, 2016. Id. Plaintiff demands "monetary compensation." Id. at 6.

Plaintiff does not specify the section of the ADA under which he intends to sue; however, it appears that plaintiff's claims, if they fall within any Title of the ADA, fall under Title III. Plaintiff's complaint could not state a claim under Title II,[3] as such title requires a plaintiff to prove that he was excluded from participation in a public entity's

---

[3] Based on the facts alleged, plaintiff could not proceed with a claim under Title I of the ADA, which addresses employment, or Title IV, which addresses telecommunications. See Compl.

3

services, programs, or activities, or was otherwise discriminated against by a public entity.[4] Plaintiff offers no evidence that any defendant is a public entity. The ADA defines public entity as including "any State or local government[,]" and "any department, agency, special purpose district, or other instrumentality of a State or States or local government[,]'" and "the National Railroad Passenger Corporation . . . ." United States v. Georgia, 546 U.S. 151, 154 (2006) (quoting 42 U.S.C. § 12131(1)).[5] Thus, as it appears that plaintiff cannot state a claim, based on his current complaint, under any other title of the ADA, the undersigned will assess whether plaintiff has plausibly stated a claim under what appears to be the only applicable section – Title III.

Title III of the ADA provides, "[n]o individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation." 42 U.S.C. § 12182(a). It is unclear whether a website, such as the one in question, is considered a "place of public accommodation" as this appears to be a matter of first impression in this Circuit. However, it is at least arguable that this Court, should it reach the issue, could determine that the website can be considered a place of

---

[4] The ADA defines "public entity" as (1) a State or local government; (2) any department, agency, special purpose district, or other instrumentality of a State or States or local government; and (3) the National Railroad Passenger Corp., and any commuter authority as defined in section 24102(4) of Title 49 of the United States Code. See 42 U.S.C. § 12131(1)(A)-(C).

[5] Plaintiff has also not demonstrated that Quora, Inc. is a public entity due to receipt of federal funding in order to assess whether the Rehabilitation Act applies. See 29 U.S.C. § 794(a).

4

public accommodation as defined by Title III.[6]

Regardless whether Quora, Inc., as a website, can be considered a place of public accommodation under Title III of the ADA, plaintiff's complaint, in its current form, must fail. Although Title III grants a private right of action, it allows only for injunctive relief. See id. § 12188(a)(1); Powell v. Natl. Bd. of Med. Examiners, 364 F.3d 79, 86 (2d Cir. 2004). The only relief plaintiff demands is "monetary compensation." Compl. at 6. As plaintiff cannot recovery monetary damages under Title III, and that is his only requested relief, it is recommended that his complaint be dismissed. The undersigned, however, recommends that plaintiff be given an opportunity to amend his complaint should he wish to demand injunctive relief. Although plaintiff "cannot rely only on past injury to satisfy the injury requirement but must show a likelihood of future harm," it is plausible that the alleged discrimination – that he is blocked from using his Quora, Inc. account, despite complying with its terms by using his real name – will continue into the future insofar as he may be blocked again from using Quora, Inc. due to discriminatory reasons. See Harty v. Simon Prop. Group, L.P., 428 F. Appx. 69, 71 (2d Cir. 2011). Thus, plaintiff may be able to allege that there is a future harm.

Accordingly, it is recommended that plaintiff's claim for monetary damages under

---

[6] It should be noted that the out-of-circuit cases that do address this question have involved the plaintiffs' complete bar from utilizing the website or its services due to its failure to accommodate the plaintiffs' disabilities; rather than here, where plaintiff appears to argue that the website was unavailable to him, not because his disability could not be accommodated to render the website accessible to him, but due to intentional discrimination. See, e.g., National Federation of the Blind v. Scribd, Inc., 97 F. Supp. 3d 565, 576 (D. Vt. Mar. 19, 2015) (finding that the plaintiff "sufficiently alleged" that a website can be a place of public accommodation under Title III); National Ass'n of the Deaf v. Netflix, 869 F. Supp. 2d 196 (D. Ma. 2012) (same); Young v. Facebook, 790 F. Supp. 2d 1110, 1116 (N.D. Ca. 2011) (holding that social media website was not a place of public accommodation under Title III, and, thus, the website could not be held liable under Title III of the ADA); Access Now, Inc. v. Southwest Airlines, Co., 227 F. Supp. 2d 1312, 1319 (S.D. Fl. 2002) (finding that airline's website was not a public accommodation under Title III).

Title III of the ADA be dismissed with prejudice, but that the remainder of plaintiff's complaint be dismissed without prejudice and with opportunity to amend.

### III. **CONCLUSION**

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's IFP application (Dkt. No. 2) is **GRANTED**[7]; and it is

**RECOMMENDED** that plaintiff's complaint (Dkt. No. 1) be **DISMISSED** without prejudice, excepting plaintiff's claim for monetary relief pursuant to Title III of the Americans with Disabilities Act, which is to be **DISMISSED** with prejudice; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have **FOURTEEN (14)** days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

---

[7] Plaintiff is advised that, although his IFP application has been granted, he may still be required to pay any costs that may he may incur in this action, including copying fees.

**IT IS SO ORDERED.**

Dated: December 20, 2016
      Albany, New York

_Christian F. Hummel_
Christian F. Hummel
U.S. Magistrate Judge