**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

MARCO BITETTO,

                                                                1:16-CV-1499
                                                                 (GTS/CFH)

                 Plaintiff,

   v.

ADAM D'ANGELO, CHARLIE CHEEVER,
MARC BODNICK, and QUORA, INC.,

                 Defendants.

---

**APPEARANCES:**                              **OF COUNSEL:**

Marco Bitetto
4 Fourth Avenue
Rensselaer, New York 12144
Plaintiff pro se

**CHRISTIAN F. HUMMEL,**
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

      On December 21, 2016, the undersigned granted plaintiff's in forma pauperis application and recommended that plaintiff's complaint be dismissed without prejudice and with opportunity to amend, excepting plaintiff's claim for monetary relief under Title III of the Americans with Disabilities Act ("ADA"), which should be dismissed with prejudice. Dkt. No. 4. The undersigned recognized that it was unclear whether plaintiff could state a claim under Title III as the question whether a website could be considered "a place of public accommodation" under that section was unclear, "it is at least arguable that this Court, should it reach the issue, could determine that the website can be considered a place of public accommodation." Id. at 4-5. On

December 27, 2016, plaintiff filed a motion to amend the complaint. Dkt. No. 5. On January 27, 2017, Chief Judge Suddaby adopted the Report-Recommendation and Order. Dkt. No. 6. On January 27, 2017, the Court docketed plaintiff's amended complaint. Dkt. No. 7. Presently pending before the undersigned is review of plaintiff's Amended Complaint. Id.

Plaintiff's amended complaint contends that his Quora.com account was blocked and his "answers to questions on Quora.com" were deleted "because of belief that I was not who I said I was." Dkt. No. 7 at 4. Plaintiff also contends that defendants "have done this adverse special treatment solely because I have stated in my QUORA.COM profile that I am blind and also my professional background (all truthfully stated." Id. Plaintiff indicates that he is "seeking injunctive relief as set foruth [sic] in the American's [sic] with Disabilities Act section Title III." Id. at 5. Plaintiff does not specify the injunctive relief that he is seeking. Id.

Plaintiff's amended complaint provides three separate reasons behind the suspected "motivation" for defendants' alleged adverse action: (1) defendants' apparent belief that plaintiff "was not who [he] said [he] was"; (2) that plaintiff is blind; and (3) plaintiff's "professional background." Dkt. No. 7 at 4-5. The ADA does not protect against a person's professional status. Thus, plaintiff may not maintain a claim under the ADA for any discrimination he believes he may have received due to his "professional status." Similarly, plaintiff's Amended Complaint fails to explain what he means when he states that defendants discriminated against him because they believed he was "not who [he] said [he] was." Dkt. No. 7 at 4-5. However, to the extent

2

plaintiff is arguing against what appears to be Quora's policy of requiring users to use their full and correct names, plaintiff fails to explain how such a policy would violate the ADA.  Dkt. No. 7 at 39.  Moreover, in the attachments to plaintiff's amended complaint, plaintiff provides a print out which appears to be from Quora.com which states that plaintiff's account was "blocked from contributing to Quora because your name does not comply . . . ."[1] and that "if you are already using your real name, please submit a moderation appeal . . . ." Id.[2]  Another document attached to the amended complaint appears to be a response from "Quora Moderation" explaining there is "activity . . . linked to you as 'Anonymous' and not your real identity and your anonymity hasn't been compromised.  This message is a warning that your anonymity privileges on Quora may be revoked if there's no improvement in your anonymous contributions."  Dkt. No. 7 at 38.  It is unclear whether this document is a "moderation appeal."  Id. at 39.  Plaintiff does not indicate whether he submitted a "moderation appeal" or the result of that appeal.  Any "discrimination" plaintiff may have faced due to his failure to follow Quora's name policy, or Quora's misunderstanding about his use of his name, would not fall under ADA protections.

To the extent plaintiff is arguing that he was in full compliance with Quora's "name policy," but that his account was still blocked and that it was blocked because he is blind, plaintiff offers no evidence that his blindness is the reason defendants have blocked his account rather than plaintiff's failure to comply with certain of Quora's

---

[1] The remainder of this sentence is cut off.  Dkt. No. 7 at 39.

[2] The remainder of this sentence is cut off.  Dkt. No. 7 at 39.

3

policies. Indeed, the papers plaintiff submits appended to his complaint appear to indicate that certain privileges relating to "anonymous" posting connected his account were blocked due to his failure to comply with certain Quora policies, and it is unclear whether plaintiff followed such policies or completed Quora's appeal process relating to the name policy issues. Dkt. No. 7 at 38-39. Although the pleading requirements at this stage are not high, plaintiff's amended complaint cannot survive on conclusory and unsupported allegations. Although Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned, the-defendant-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Iqbal, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.

Finally, plaintiff's complaint merely states that he seeks "injunctive relief," but does not specify the relief he seeks. Arguably, plaintiff may be requesting that access to his Quora account be restored; however, the relief he seeks is not specified. It is recommended that, should plaintiff be permitted to file a second amended complaint, such complaint be required to specify the injunctive relief he seeks.

Accordingly, due to plaintiff's pro se status, it is recommended that plaintiff's complaint be dismissed without prejudice. However, it is recommended that plaintiff be provided one final opportunity to amend his complaint to (1) demonstrate that he was in compliance with Quora's policies, and provide a nonconclusory argument that any

4

potential discrimination he faced relating to the use of the website Quora.com was due to his blindness, and (2) specify the injunctive relief that he is seeking. Plaintiff is advised that, if the District Judge permits plaintiff to file a Second Amended complaint, such complaint is intended to completely replace the prior complaint in the action, and thus it "renders [any prior complaint] of no legal effect." International Controls Corp. v. Vesco, 556 F.2d 665, 668 (2d Cir. 1977), cert. denied sub nom., Vesco & Co., Inc. v. International Controls Corp., 434 U.S. 1014 (1978); see also Shields v. Citytrust Bancorp, Inc., 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, any second amended complaint must include all of the facts, allegations, claims, and requests for relief against each defendant.

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that plaintiff's amended complaint (Dkt. No. 7) be **DISMISSED** in its entirety without prejudice to providing plaintiff with a final opportunity to file an amended complaint to cure the defects identified above; and it is further

**RECOMMENDED**, that if the District Judge adopts this Report-Recommendation and Order in full, should plaintiff wish to proceed with this action, he must file any second amended complaint within thirty (30) days of the District Judge's Order adopting of this Report-Recommendation and Order, and that, following the District Judge's review of this Report-Recommendation and Order, if a second amended complaint is filed, the Clerk return this case to the Magistrate Judge for review of any Second Amended Complaint; and it is,

5

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order upon the plaintiff.

**IT IS SO ORDERED.**

Pursuant to 28 U.S.C. § 636(b)(1), the parties have FOURTEEN (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court. FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW. See Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993) (citing Small v. Sec'y of Health and Human Servs., 892 F.2d 15 (2d Cir. 1989)); see also 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72 & 6(a).

Dated: April 9, 2018
       Albany, New York

*Christian F. Hummel*
Christian F. Hummel
U.S. Magistrate Judge