UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

MARCO BITETTO,

                 Plaintiff,

v.                                     1:16-CV-1499 (GTS/CFH)

MR. ADAM D'ANGELO, Partner in Quora, Inc.;
MR. CHARLIE CHEEVER, Partner in Quora, Inc.;
MR. MARC BODNICK, Partner in Quora, Inc.; and
QUORA, INC., Web Based Business,

                 Defendants.
_____

APPEARANCES:

MARCO BITETTO
  Plaintiff, *Pro Se*
4 Fourth Avenue
Rensselear, New York 12144

GLENN T. SUDDABY, Chief United States District Judge

## DECISION and ORDER

Currently before the Court, in this *pro se* civil rights action filed by Marco Bitetto ("Plaintiff") against Quora, Inc., and its above-named partners ("Defendants") asserting claims under Title III of the Americans with Disabilities Act ("ADA"), is United States Magistrate Judge Christina F. Hummel's Report-Recommendation recommending that Plaintiff's Amended Complaint be *sua sponte* dismissed without prejudice and that Plaintiff be given a final opportunity to file an actionable pleading through a Second Amended Complaint. (Dkt. No. 8.) Plaintiff has not filed an objection to the Report-Recommendation, and the deadline in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Hummel's thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation:[1] Magistrate Judge Hummel employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein.  To those reasons, the Court adds the following analysis.

Ordinarily, the Court would be reluctant to grant Plaintiff a *second* opportunity to amend his Complaint given his woeful failure to cure the pleading defects in his original Complaint and the lack of an indication that he can cure those defects in a Second Amended Complaint. Generally, such a second opportunity to amend is not required by the law, even given a plaintiff's special status as a *pro se* civil rights litigant.[2] However, the Court is mindful of the

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.  When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

[2] *See, e.g., Coleman v. brokersXpress, LLC*, 375 F. App'x 136, 137 (2d Cir. 2010) ("Nor can we conclude that the district court abused its discretion in denying [*pro se* plaintiff] Coleman leave to amend. The district court afforded Coleman one opportunity to amend the complaint, and Coleman made no specific showing as to how he would cure the defects that persisted if given a second opportunity to amend."); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) ("We do not mean to imply that the court has no power to dismiss a prolix [*pro se*] complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."); *Prezzi v. Schelter*, 469 F.2d 691, 692 (2d Cir. 1972) (affirming dismissal of *pro se* plaintiff's amended complaint without leave to amend for failure to state a claim upon which relief can be granted, without engaging in analysis of whether second amended complaint would be futile).

Second Circuit's pronouncement in *Cresci v. Mohawk Valley Cmty. College*, 693 F. App'x 21, 25 (2d Cir. 2017), that "[t]he proper time for a plaintiff to move to amend the complaint is when the plaintiff learns from the District Court in what respect the complaint is deficient," because, "[b]efore learning from the court what are its deficiencies, the plaintiff cannot know whether he is capable of amending the complaint efficaciously." The Court is also mindful of the fact that, in Plaintiff's haste to amend his Complaint following the issuance of Magistrate Judge Hummel's first Report-Recommendation (of December 21, 2016), Plaintiff *arguably* was not adequately informed of the pleading defects of his ADA claim, because the undersigned had not yet accepted Magistrate Judge Hummel's first Report-Recommendation. As a result, Plaintiff will be given one *final* opportunity to amend his ADA claim.

Plaintiff is respectfully reminded that the chief (although not sole) defect in this claim concerns his failure to allege facts plausibly suggesting that it was his blindness (and not some other reason such as his failure to comply with certain of Quora's policies) that caused Defendants to block his account. (Dkt. No. 8, at 3-4.) In addition, Plaintiff is respectfully advised that, based on his own attachments to his Amended Complaint, in which Quora expresses a mission to "share and grow" knowledge from "anyone," such a suggestion of disability discrimination appears particularly implausible. (Dkt. No. 7, at 28-30.)

Finally, the Court expresses no opinion, at this time, as to whether a website can be a place of public accommodation under the ADA. *See Carlos v. Winn Dixie Stores, Inc.*, 242 F. Supp.3d 1315, 1318-20 (S.D. Fla. 2017) (collecting cases indicating that, while the Seventh Circuit has answered this question in the affirmative, the Third, Sixth and Ninth Circuits have answered it in the negative, and finding that the Eleventh Circuit would join them).

For all of these reasons, Plaintiff's Amended Complaint shall be dismissed with prejudice and without further Order of this Court unless, within thirty (30) days of the date of this Decision and Order, Plaintiff files a Second Amended Complaint that corrects the pleading defects identified in the Report-Recommendation.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Hummel's Report-Recommendation (Dkt. No. 8) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Amended Complaint (Dkt. No. 7) shall be **DISMISSED** with prejudice without further Order of this Court unless, within **THIRTY (30) DAYS** of the date of this Decision and Order, Plaintiff files a Second Amended Complaint that corrects the pleading defects identified in the Report-Recommendation; and it is further

**ORDERED** that, should Plaintiff timely file a Second Amended Complaint, it shall be referred to Magistrate Judge Hummel for his review.

Dated: June 6, 2018
       Syracuse, New York

                                       HON. GLENN T. SUDDABY
                                       Chief United States District Judge